IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

(1) AUSTIN TAYLOR BURKE,       )
          Petitioner,             )
                                   )   Case No. 4:22-cv-1271
-vs-                             )
                                   )
(1) DONALD REDWOOD, WARDEN[1],   )
          Respondent.             )

**PETITIONER'S TRAVERSE AND REQUEST FOR AN EVIDENTIARY HEARING**

COMES NOW, the Petitioner, AUSTIN TAYLOR BURKE, through his attorney Debra K. Hampton and submits this as set forth above. Respondent has filed a Response (ECF #8) and Petitioner respectfully submits the following and respectfully moves this Court to issue a conditional writ of habeas corpus. In support thereof, Petitioner states:

**FACTS**

Petitioner disputes that he killed 22-year-old Kenneth Brandon Hayes Sample ("Brandon"). Petitioner also disputes that any evidence supports the verdict because all testimony was uncorroborated and unreliable. Petitioner maintains that he was wrongfully convicted of the murder of Brandon and that constitutional error contributed to his conviction as discussed in his habeas petition as he has provided a rebuttal to the factual presumption of the correctness of the state court record.

**ARGUMENT AND AUTHORITY**

A.    **Petitioner's claims are exhausted.**

Respondent argues Petitioner "asserts that his habeas grounds are exhausted. (Doc. 1, Petition, PageID #13). While that may be true, the claims are merely exhausted in that there no

---

[1] Pursuant to Rule 2(a) of the Rules Governing Section 2254 Proceedings in The United States District Courts, Ed Sheldon should be substituted for the current warden of the Southern Ohio Correctional Facility in Lucasville, Ohio.

1

longer remains any available avenue for state relief." (ECF #8, PageID #: 105) Petitioner maintains that all of his claims have been fairly presented to the Ohio Courts and for purposes of federal habeas because "once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. *See, e. g., Wilwording v. Swenson*, 404 U.S. 249, 250 (1971); *Roberts v. LaVallee*, 389 U.S. 40, 42-43 (1967); *Brown v. Allen*, 344 U.S. 443, 447-450 (1953). Obviously, there are instances in which "the ultimate question for disposition," *United States ex rel. Kemp v. Pate*, 359 F. 2d 749, 751 (7th Cir 1966), will be the same despite variations in the legal theory or factual allegations urged in its support. *Picard v. Connor*, 404 U.S. 270, 277 (1971).

> **B.** **Petitioner is entitled to an evidentiary hearing.**

First, Petitioner argues that he is entitled to an evidentiary hearing in this Court where he has presented the factual basis to his claim in the state court, but the state court's decision is insufficient to resolve the factual issues presented in state habeas proceedings. *See* 28 U.S.C. § 2254(e)(2)(B) which provides that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Petitioner would be entitled to an evidentiary hearing. *Stermer v. Warren*, 360 F. Supp. 3d 639 (E.D. Mich. 2018) *aff'd,* 959 F.3d 704 (6th Cir. 2020)

> To determine if an evidentiary hearing is barred, the district court first must decide whether the state court decision was on the merits of Petitioner's claims. This is critical because if the state court decided Petitioner's case on the merits, (1) AEDPA's highly deferential standard of review is triggered, and (2) the federal habeas court is barred from considering evidence not presented to the State's highest court. *Stermer v. Warren*, 959 F.3d 704 (6th Cir. 2020); *Shinn v. Ramirez*, 142 S.Ct. 1718 (2022); *Cullen v. Pinholster*, 563 U.S. 170 (2011). Showing that the

State Court's opinion was objectively unreasonable in state habeas proceedings and that it is debatable among reasonable jurists the state is not entitled to deference under the AEDPA but *de novo* review.

AEDPA's deferential standard of review "does not imply abandonment or abdication of judicial review. Deference does not by definition preclude relief." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). As the Supreme Court explained: "A federal court can disagree with a State Court's credibility determination and, when guided by AEDPA, conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence." *Id.* "If a State Court's finding rests on thin air, the petition will have little difficulty satisfying the standards for relief under § 2254." *Mendiola v. Schomig*, 224 F.3d 589, 592 (7th Cir. 2000). In this case the state court's opinion rests in part on thin air and thus Petitioner should be entitled to an evidentiary hearing.

### C. Actual innocence is not a constitutional claim but a gateway to consider claims that maybe procedurally barred on the merit.

"A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id*. The Supreme Court has "consistently reaffirmed the existence and importance of the exception for fundamental miscarriages of justice." *Schlup v. Delo,* 513 U.S. 298, 321 (1995). It has been applied to overcome various procedural defaults, including those stemming from successive petitions, "abusive" petitions, failure to develop facts in State Court, and failure to observe state procedural rules. *McQuiggin v. Perkins*, 569 U.S. 383, 392, 393 (2013). In *McQuiggin,* the Court recognized it as an available equitable exception to AEDPA's time-bar for first petitions, holding that actual innocence "serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House v.*

3

*Bell,* 547 U.S. 518 (2006). "Prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House,* at 537-38 (quoting *Schlup,* at 327).

> It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

*Schlup*, at 329.

Removing the double negative, a petitioner's burden at the gateway stage is to demonstrate "that more likely than not any reasonable juror would have reasonable doubt." *House*, at 538. As this formulation clarifies, "actual innocence" is a misnomer, because "the *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence"—that is, a petitioner need not make "a case of conclusive exoneration." *House*, at 538, 553; *see also Schlup,* at 327 ("[T]he showing of 'more likely than not' imposes a lower burden of proof than the 'clear and convincing' standard."). Thus, a "petitioner's showing of innocence is not insufficient solely because the trial record contained sufficient evidence to support the jury's verdict." *Id.* at 331; see *House*, at 553-54 (granting a gateway innocence claim despite acknowledging that "[s]ome aspects of the State's evidence ... still support an inference of guilt"); *Cleveland v. Bradshaw*, 693 F.3d 626, 633 (6th Cir. 2012) (noting that the actual innocence standard "is less strict than the insufficient evidence standard") *See Fontenot v. Crow,* 4 F.4th 982 (10th Cir. 2021), *cert denied Crow v. Fontenot*, No. 21-970 (U.S. June 6, 2022).

To be credible, a claim of actual innocence requires a petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

4

critical physical evidence—that was not presented at trial." *Schlup*, at 324. In assessing the adequacy of a petitioner's showing, "the habeas court must consider 'all the evidence,' old and new, incriminating, and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial,'" *House*, at 538 (quoting *Schlup*, at 327-28). The innocence inquiry "requires a holistic judgment about 'all the evidence,' and its likely effect on reasonable jurors applying the reasonable doubt standard." *Id.* at 539 (quoting *Schlup*, at 328). As discussed, the *Schlup* standard does not demand conclusive proof of exoneration; rather, it involves a probabilistic determination that, given all the evidence—"old and new; admissible and inadmissible," *Case v. Hatch,* 731 F.3d 1015, 1036 (10th Cir. 2013) —"more likely than not any reasonable juror would have reasonable doubt," *House,* at 538. The Supreme Court has suggested that to show actual innocence, a petitioner must present new evidence that is consequential. *See Schlup,* at 324 (explaining the petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.").

Prior to sentencing, Petitioner filed a motion for judgment of acquittal alleging the State failed to provide sufficient evidence for a conviction of aggravated murder. (Exhibit 18) (ECF #8, PageID #: 61) While Petitioner may rebut the correctness of factual findings, he has done so in his Petition for habeas corpus showing that he was wrongfully convicted and with the evidence submitted in state habeas it provides clear and convincing evidence that no reasonable fact finder would have found him guilty. Thus, Petitioner is entitled to an evidentiary hearing in federal court

**Ground One:**

The state court's resolution of the illegally seized information of cell tower data was objectively unreasonable in light of *Carpenter v. U.S.*, 585 U.S. \_\_\_, 138 S.Ct. 2206 (2018) and

5

previous decisions from the United States Supreme Court. Petitioner maintains that the Ohio court's resolution of his claim was objectively unreasonable determination of his claim on this ground which entitles him the federal habeas relief despite what Respondent alleges. Petitioner argues that because this claim was litigated pretrial, and the Ohio Court reached an opposite conclusion than the Supreme Court. Respondent argues that *Carpenter* was not retroactive, to cases but Petitioner does not argue that it was retroactive but that it must be applied to cases on direct review and that is clearly established law. "A new rule of criminal procedure applies to cases on direct review, even if the defendant's trial has already concluded. See *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)." *Edwards v. Vannoy*, 141 S.Ct. 1547, 1554 (2021)

Respondent does not dispute that the State's reasoning was objectively unreasonable under *Griffith v. Kentucky*, 479 U.S. 314 (1987), that "failure to apply a newly declared constitutional rule to criminal cases pending on direct review violates basic norms of constitutional adjudication." *Id.*, at 322. "*Griffith* ended that practice and declared that new rules apply to all cases on direct review." *Edwards v. Vannoy*, 141 S. Ct. 1547, 1554 n.2 (2021)

*Griffith* was not overruled but in *Edwards* it explicitly overruled the "watershed" rule of criminal procedure. *Teague v. Lane*, 489 U.S. 288, 311 (1989) (plurality opinion). As the Court explained "in the 32 years since *Teague*, as we will explain, the Court has never found that any new procedural rule actually satisfies that purported exception." *Edwards v. Vannoy*, 141 S. Ct. 1547, 1555 (2021)

**Ground Two:**

The trial court erred in hearing a separate unrelated robbery with Petitioner's murder charge which was unduly prejudicial, and the state court's resolution of the claim was objectively unreasonable under 28 U.S.C. § § 2254(D) (1-2). Respondent argues this issue remains a non-

6

cognizable challenge to a matter of state law. (ECF #8, PageID #: 111) In the alternative, Respondent argues "the state courts' decision is neither clearly contrary to, nor an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. §2254(d)" *Id.* Respondent argues the Supreme Court has established the "harmless error" test as the appropriate standard to employ when determining the requisite "actual prejudice," holding that "an error involving misjoinder…requires reversal only if the misjoinder results in actual prejudice because it 'had substantial and injurious effect or influence in determining the jury's verdict.'" Therefore, Respondent admits that this claim is cognizable in federal habeas citing *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)); and *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).

Turning to the merit of Petitioner's claims. The misjoinder was unduly prejudicial and further the Ohio courts' opinion was objectively unreasonable under supreme precedent and involved an unreasonable determination of the facts in light of the evidence. Petitioner argues the alleged offenses were unrelated being tried together created undue prejudice as it infected the trial with fundamental unfairness. It is notable that the prosecution admitted the multiple charges were confusing. According to the prosecutor's opening statement, "So I don't want to confuse you. But we've got the murder, the aggravated robbery, and the crimes related to the death of Brandon Sample. And then on June 20th, about eight days later, we have the robbery at Pizza Joe's." [Tr. at 178]

The mere fact the State admitted the facts were confusing was an admission of a prejudicial joinder. Therefore, the State Court's opinion is objectively unreasonable, given United States Supreme Court precedent because "[a] defendant is entitled to a fair trial but not a perfect one." *Lutwak v. U.S.*, 344 U.S. 604, 619 (1953); *see Hopt v. Utah,* 120 U.S. 430, 438 (1887) (quoting *Bruton v. U.S.,* 391 U.S. 123, 135 (1968)). That means a trial free of constitutional error.

7

None of the evidence from either incident would have been admissible in the trial of the other. Both indictments involved robbery charges, which invited confusion and did not establish the prerequisites required for a joinder of offenses. Petitioner argues that he is innocent of both offenses. There are no eyewitness accounts that Petitioner committed either offense and evidence presented to the contrary in state habeas proceedings.

**Ground Three:**

The jury returned a verdict against the manifest weight of the evidence because the evidence is insufficient to establish guilt beyond a reasonable doubt. Respondent argues "Burke's Third ground challenges the sufficiency and weight of the evidence for his aggravated murder conviction. Only that portion challenging the sufficiency of the evidence presents a cognizable claim in this habeas proceeding. To the extent the Court views the sufficiency of the evidence claim fairly presented and not time-barred, the reasonable state court rejection of this claim is entitled to AEDPA deference."  (ECF #8, PageID #: 118) Petitioner argues that as he did in his Petition that the state's resolution is not merely erroneous but objectively unreasonable.

While Respondent recognizes the correct standard to an insufficiency of the evidence claim because it looks past the fact that Petitioner's federal claim is interwoven into the cases argued and cited by the Ohio Courts where Petitioner argued on Direct Appeal that his conviction was against the manifest weight of the evidence which means the reviewing court must determine whether the State has appropriately carried its burden of persuasion. *State v. Thompkins,* 78 Ohio St.3d 380, 387 (1997) (COOK and LUNDBERG STRATTON, JJ., concur separately).

Petitioner argues there was insufficient evidence and any conviction based on legally insufficient evidence constitutes a denial of due process. *Tibbs v. Florida*, 457 U.S. 31, 45, 102 (1982) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979), whether the claim is against the manifest

8

weight or insufficient evidence the fact issue is the burden of persuasion. The claim of insufficient evidence invokes an inquiry about due process, and it raises a question of law, the resolution of which does not allow the court to weigh the evidence. *Jackson v. Virginia*, *supra*; *State v. Sorgee*, 54 Ohio St. 2d 464, 377 N.E.2d 782 (1978); *State v. Robinson*, 162 Ohio St. 486, 124 N.E.2d 148 (1955). Petitioner states that this claim was asserted in his habeas and clearly shows that the State courts' determination should warrant federal habeas relief.

**Ground Four:**

Trial counsel was ineffective under the Sixth and Fourteenth Amendments for failing to investigate Burke and/or the evidence was unavailable. Next was the Ohio courts resolution of Petitioner's claims on the merit or did the rest on this air. The Supreme Court of Ohio affirmed the denial of relief with two judges dissenting. *See State v. Burke,* 162 Ohio St. 3d 1431, 166 N.E.3d 1245, (Donnelly, J., dissents, with an opinion joined by Brunner, J). The dissent recognized:

> {¶ 5} To support his claims of ineffective assistance of trial counsel and other constitutional deprivations, appellant, Austin Burke, submitted the affidavits of six other people, none of whom appear to have testified at Burke's trial. *Id*. at ¶ 23-34. Among the many factual issues raised in those affidavits is whether a different person had confessed to committing the primary offense for which Burke was tried and convicted: the aggravated murder of Brandon Sample. *Id*. at ¶ 2, 23. The trial court was apparently curious about the veracity of the affiant who had made that assertion, but rather than ordering a statutorily required hearing to test the veracity of the facts alleged, the court conducted an in-camera review of the juvenile-detention records relating to that alternative suspect, *Id.* at ¶ 9. The court did not allow the state or the defense to review those materials, despite their being central to the court's finding that the affiant's claim was not true. *Id.* at ¶ 35. The trial court similarly rejected every other affidavit as "problematic" and **summarily denied** Burke's petition for post-conviction relief without first holding an evidentiary hearing.
>
> {¶ 6} One of the worst injustices that we judges can perpetuate is to let an innocent person remain in prison. Although it is disturbing to think that a wrongful conviction might have happened on our watch, we cannot and should not be so quick to deny that possibility. Post-conviction proceedings are an important safeguard against wrongful convictions, and we need to ensure that petitioners are afforded a meaningful opportunity to attempt to prove cogent claims at evidentiary

hearings. If a petitioner's claims appear to be true and an innocent person might be in prison, we need to set aside our dogged commitment to finality and make room to correct that injustice. The standards currently employed by Ohio's courts do not make such room.

Petitioner should be entitled to an evidentiary hearing in this Court because, 1) the determination of the factual issues with the newly discovered or **newly presented** evidence could not have been on the merit. The State Court determination cannot be presumed to be correct because nothing alleged to have been considered by the District Court is part of the record except the Affidavits presented by Petitioner. The critical point that must be consider is if the State Court decided Petitioner's case on the merits because (1) AEDPA's highly deferential standard of review is triggered but since the State Court determination was made on some external factor that does not appear in the record, it cannot be presumed to be on the merit. Petitioner argues when a decision is not based on the merits *de novo* review applies. *Stermer v. Warren,* 959 F.3d 704, 719 (6th Cir. 2020). Factual findings based solely on the State Court record is subject to *de novo* review. *Stermer v. Warren*, 959 F.3d at 720.

However, if a review of the State Court record shows that additional fact-finding was required under clearly established federal law or that the State Court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the Federal Court can review the underlying claim on its merits. *See, e.g., Brumfield v. Cain,* 576 U.S. 305 (2015); *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007); *Fears v. Bagley*, 462 F. App'x 565, 574 (6th Cir. 2012). *see also, e.g., Cullen v. Pinholster,* 563 U.S. 170, 205, 131 S.Ct. 1388 (2011); (Breyer, J., concurring in part and dissenting in part) ("For example, if the state court rejection assumed the habeas petitioner's facts (deciding that, even if those facts were true, federal law was not violated), then (after finding the state court wrong on a [§ 2254](d) ground) [a federal habeas] hearing might be needed to determine whether the facts alleged were indeed true."); *cf., e.g., Hurles v. Ryan,* 752

10

F.3d 768, 790-91 (9th Cir. 2014) ("[W]here a state court makes factual findings without an evidentiary hearing or other opportunity for the petitioner to present evidence, 'the fact-finding process itself is deficient' and not entitled to deference" (quoting *Taylor v. Maddox,* 366 F.3d 992, 1001 (9th Cir. 2004), *abrogated on other grounds* by *Pinholster*, 563 U.S. 170));

Respondent argues "[h]owever, as the Ohio courts noted in postconviction, Burke has provided no "new" evidence demonstrating a lack of confidence in the outcome such "'that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *McCray v. Vasbinder*, 499 F.3d 568, 572 (6th Cir. 2007) (quoting Schlup, 513 U.S. at 327). (ECF #8, PageID #: 72) Burke claims that he has produced "new" evidence of his "actual innocence" *Id*.

Respondent attempts to dispute that the evidence presented was not because of trial counsel's failure to investigate. Respondent claims that "[n]one of the affidavits exonerate Burke of the crimes for which he was convicted. None provide exculpatory scientific evidence or trustworthy firsthand eyewitness accounts of the crimes committed." (ECF #8, PageID #: 72) Respondent argues that "a reasonable juror could conclude that the testimony of these proposed witnesses would not alter the verdict in that they, as family members, and friends of family all have a personal stake in exonerating Burke." *Id.* Petitioner argues that the reason for a trial is to allow the fact finder to determine witness credibility.

The following persons who wrote affidavits contrary to what Respondent claims never knew Petitioner's family before the murder trial:

> [*P25] Lisa Cope averred that on June 12, 2017, the day Brandon was reported missing, she had a conversation with Mary Roupe ("Mary"). Mary's mother, Pamela Roupe ("Pamela"), owns the home at which Brandon was last seen alive by certain witnesses at trial, including Pamela's grandson Ricky Roupe. According to Cope, Mary told her that Pamela was "flipping out" because, as Pamela had told Mary, "These kids here were all fighting, Mary, I believe they killed someone, what

11

should I do?" Cope averred that she asked Mary all of the kids' names. According to Cope, Mary listed off six names that did not include Burke: "Ricky Roupe, Brandon Sample, [the juvenile from the sealed records], Josh White, and Mary Roupe's two nieces[.]" Cope averred that she asked Mary where the dead body was, and "Mary said her mother, Pam, told her, 'They went on a car ride.'"

Respondent argues that the trial court noted that the "Boyle, Cope, Cottrill, and White affidavits are not based upon personal knowledge. The affidavit of Gage Sell is only based in part on personal knowledge. The affidavits of Jamie Sell are only based in small part on personal knowledge." (ECF #8, PageID #: 77)

Respondent argues that "the trial court reviewed sealed juvenile records to confirm that [Preston Whitacre] P.W.—who supposedly told Cassandra Boyles that he was responsible for the murder-was actually serving time in a juvenile detention facility at the time of the murder in this case. Thus, the Boyles' affidavit was nothing, but a lie based upon unreliable hearsay." (ECF #8, PageID #: 77) The Respondent calls Boyles a liar and that her statements were hearsay However, Boyles could not be determined to be lying, because the records of P.W. were never shown to the defense nor did those records become part of this record which the two Ohio Supreme Court justices in dissent voiced their concern about this. Petitioner argues that he has rebutted the correctness of the factual findings of the Ohio courts.

**Ground Five:**

Prosecutorial misconduct for failing to correct testimony it would have reason to believe was false. The Respondent disputes the claims raised by Petitioner without the state court holding a hearing to determine the reliability of the witnesses. In Affidavit 4 of Jamie Sell, she stated, that robbery witness, Donavon Bunner, stated in messages to Jamie he knew Petitioner was not the robber. In those text messages, he also stated he told prosecutors that witness Melanie Engle lied during her testimony. Nearly a half century ago, SCOTUS counseled prosecutors "to refrain from

improper methods calculated to produce a wrongful conviction....." *Berger v. U.S.,* 295 U.S. 78, 88 (1935). The adversary system allows the prosecutor to "prosecute with earnestness and vigor." *Id*. Although, "while he may strike hard blows, he is not at liberty to strike foul ones." *Id.* A state court conviction based on prosecutorial misconduct must focus on due process violations. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974). A prosecutor may not present false testimony and must correct testimony they know to be false. *See Giglio v. U.S.*, 405 U.S. 150, 154 (1972); *Napue v. Illinois*, 360 U.S. 264, 269 (1959). "Misrepresenting facts in evidence can amount to substantial error because doing so 'may profoundly impress a jury and may have a significant impact on the jury's deliberations.'" *Washington v. Hofbauer,* 228 F.3d 689, 700 (6th Cir. 2000) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 646 (1974)). Petitioner argues that he is entitled to a new trial because the false testimony "seriously affects the fairness, integrity or public reputation of judicial proceedings," *U.S. v. Atkinson*, supra; *U.S. v. Olano*, 507 U.S. 725, 736 (1993). These tactics employed by the State "casts the prosecutor in the role of an architect of a proceeding that does not comport with standards of justice." *Brady v. Maryland*, 373 U.S 83, 88 (1963).

**Ground Six:**

Petitioner was deprived of his right to confront witnesses as the affidavits set forth material facts and demonstrate a denial of fundamental fairness. Respondent argues Petitioner "failed to ever present this issue to the Ohio courts, resulting in the unexcused procedural default of this claim." (ECF #8, PageID #: 132) Petitioner argues that the facts of the claim were presented to the Ohio courts and Petitioner should be entitled to confront witnesses who prepared affidavits because they presented material facts

Respondent argues that the postconviction affidavits presented by Petitioner were not exculpatory but concedes that the witnesses did not testify at trial and acknowledged that the declarations are not adverse to Petitioner. Petitioner argues that the affidavits created a material issue and a reasonable probability that the outcome of the proceedings would have been different had a jury heard testimony from these witnesses.

**Ground Seven:**

Trial counsel was ineffective for failing to object to juror misconduct. Petitioner made his argument in the habeas Petition and stands on that argument because the Respondent has not resolved the issue with the juror and the only way to do that is by granting a new trial. Counsel's failure to object was well outside the "range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Determining whether a juror is biased or has prejudged a case is difficult, partly because the juror may have an interest in concealing his own bias and partly because the juror may be unaware of it. The problem may be compounded when a charge of bias arises from juror misconduct, and not simply from attempts of third parties to influence a juror. *See Smith v. Phillips*, 455 U.S. 209, 221-222 (1982) (JUSTICE O'CONNOR, concurring). Due process is denied by circumstances that create the likelihood or the appearance of bias. *Peters v. Kiff,* 407 U.S. 493, 502 (1972). Showing actual subjective bias is not required to establish a due process violation. *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016). Petitioner argues that the error must be viewed as structural error. Structural error is a defect in the constitution of the trial mechanism, which defies analysis by "harmless-error standards." *Riley v. Deeds*, 56 F.3d 1117, 1120 (9th Cir. 1995) An error cannot be both structural and subject to harmless-error review. *See Neder v U.S.*, 527 U.S. 1, 8 (1999). "[A]n error has been deemed structural if the error always results in fundamental unfairness." *Weaver v. Massachusetts*, 582 U.S.___, 137 S.Ct. 1899 (2017).

I.     **CONCLUSION**

WHEREFORE, the Petitioner respectfully prays this court will set this case for an evidentiary hearing or alternatively issue an Order Granting a Conditional Writ.

Respectfully submitted,

/s/ DEBRA K. HAMPTON<br>
DEBRA K. HAMPTON, OBA # 13621<br>
Hampton Law Office, PLLC<br>
3126 S. Blvd., # 304<br>
Edmond, OK 73013<br>
(405) 250-0966<br>
(866) 251-4898 (fax)<br>
hamptonlaw@cox.net<br>
Attorney for Petitioner

**CERTIFICATE OF SERVICE**

I certify that on November 21, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the Ohio Attorney General's Office.

I certify that on November 21, 2022, I mailed a copy of the same to Petitioner who is not a registered participant of the ECF System.

/s/ DEBRA K. HAMPTON<br>
DEBRA K. HAMPTON