## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **AUSTIN TAYLOR BURKE,** | : | Case No. 4:22-cv-1271 |
| Petitioner, | : | |
| | : | Judge Carr |
| **v.** | : | |
| | : | Magistrate Judge Clay |
| **ED SHELDON, Warden,** | : | |
| Respondent. | : | **HABEAS CORPUS** |

### RESPONDENT'S RESPONSE TO PETITIONER'S OBJECTION TO R AND R

Pursuant to the Court's order, Respondent submits the following response in opposition to Petitioner Burke's Objection (Doc. 14) to the Magistrate Judge's well-reasoned Report and Recommendation to dismiss Burke's habeas petition as time barred.  (Doc. 12).

Burke's first objection merely restates the applicable law and makes a conclusory statement that he is entitled to equitable tolling to excuse his tardy filing.  Citing *Holland v. Florida*, 560 U.S. 631, 649 (2010), Burke failed to even allege that he had "been pursuing his rights diligently" or "that some extraordinary circumstances stood in his way and prevented timely filing."  (Doc. 14, PageID 2073).  The conclusion in the R and R that Burke has failed to demonstrate his entitlement to equitable tolling is correct and should be adopted.

A petitioner can excuse a procedural bar, such as default or statute of limitations, to correct a fundamental miscarriage of justice through a "colorable claim of factual innocence." *Sheffield v. Burt*, 731 F. App'x 438, 443 (6th Cir. 2018) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). The actual innocence gateway is a high bar that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The

"innocence gateway is a narrow one" and "should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Davis v. Bradshaw*, 900 F.3d 315, 326 (6th Cir. 2018) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013)). A "petitioner may not [overcome a procedural bar] by simply undermining the state's case," and instead "must demonstrate that he *factually* did not commit the crime." *Hubbard v. Rewerts*, 98 F.4th 736, 743 (6th Cir. 2024).

To show actual innocence, a petitioner must present new, reliable evidence that establishes "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup*, 513 U.S. at 327); *Hubbard*, 98 F.4th at 741. The actual innocence gateway requires presentation of "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Bell v. Howes*, 703 F.3d 848, 855 (6th Cir. 2012) (quoting *Schlup*, 513 U.S. at 321–24); *Hubbard*, 98 F.4th at 743. A habeas court may "consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of [new] evidence." *Davis*, 900 F.3d at 326 (quoting *House,* 547 U.S. at 537); *Schlup*, 513 U.S. at 332. "The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." *House*, 547 U.S. at 538 (citing *Schlup*, 513 U.S. at 329).

Burke's objection to the R and R does not satisfy his burden to demonstrate actual innocence and is nothing but a rehash of his argument disagreeing with the trial court for failing to hold an evidentiary hearing on his postconviction petition. In his objection Burke reframes his argument attempting to persuade the Court to hold an evidentiary hearing to demonstrate his actual

innocence to excuse the tardiness of his petition, which would then permit the Court to address the merits of his grounds.  As he has argued throughout this case, Burke claims the state courts' decision to not hold an evidentiary hearing in postconviction was an "objectively unreasonable determination of the facts in light of the evidence." (Doc. 14, PageID 2074).  But that is not the standard for a federal court to employ in this scenario.  Despite Burke's dissatisfaction with the decision to not hold a state court hearing, it is entirely within the province of Ohio courts to apply Ohio law regarding the granting of postconviction evidentiary hearings, and this Court may not interfere with this state law decision. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Cress v. Palmer,* 484 F.3d 844, 853 (6ᵗʰ Cir. 2007); *Roe v. Baker*, 316 F.3d 557, 571 (6ᵗʰ Cir. 2002)(citing *Kirby v. Dutton*, 794 F.2d at 247); *Greer v. Mitchell*, 264 F.3d 663, 681 (6ᵗʰ Cir. 2001).  A claim challenging the correctness of state judicial proceedings that does not dispute the petitioner's detention itself is not cognizable. *Brisco v. Pickaway Corr. Inst.*, No. 2:18-cv-1550, 2019 WL 1058429, at *5 (S.D. Ohio Mar. 6, 2019) (quoting *Ysreal v. Warden, Chillicothe Corr. Inst.*, No. 1:13-cv-34, 2014 WL 7185264, at *6 (S.D. Ohio Dec. 16, 2014)) (citing *Kirby*, 794 F.2d at 247–48).  A federal habeas action is not the proper means to "challenge errors or deficiencies in state post-conviction proceedings . . . because the claims address collateral matters and not the underlying conviction giving rise to [a petitioner's] incarceration." *Brisco*, 2019 WL 1058429, at *5 (quoting *Cassano v. Bradshaw*, No. 1:03-cv-1206, 2018 WL 3455531, at *48 (N.D. Ohio July 18, 2018); *Kirby*, 794 F.2d at 247).  By asserting that the state trial court erred in denying his postconviction petition without a hearing, Burke is attacking a state court collateral proceeding and not his underlying conviction.  Put another way, Burke challenges the denial of a motion that is not the cause for his conviction or confinement.  Thus, this Court cannot entertain Burke's plea to hold the hearing in federal habeas corpus that the Ohio courts declined to hold in an Ohio collateral proceeding because Burke believes the state court decision was an "objectively unreasonable determination of the facts in light of the evidence."  Rather this habeas

3

Court is mandated to defer to the state court decision to not hold the postconviction hearing as an interpretation and application of state law. *Davis v. Bradshaw*, 900 F.3d 315, 325 (6th Cir. 2018) (quoting *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003)) ("Federal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state.")

Burke curiously cites to *Stermer v. Warren*, 959 F.3d 704 (6th Cir. 2020) to support his argument that he is entitled to a hearing. That case actually *refutes* Burke's position that he is entitled to an evidentiary hearing to introduce additional facts to this record, as Burke concedes the Sixth Circuit held in *Stermer* the *district court erred* in holding the hearing. (Objection, Doc. 14, PageID 2079). The Sixth Circuit admonished that "a district court cannot use a federal evidentiary hearing to supplement the record when assessing a claim under § 2254(d)." *Id.* at 721 (6th Cir. 2020) (*citing Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 465 (6th Cir. 2012)).

Burke continues for the remainder of his objection by reiterating his interpretation of the "facts" as presented in the affidavits he provided to the Ohio courts, as well as one additional affidavit from Lori White purportedly executed during the pendency of this case on October 15, 2024, that has apparently not been provided before to any court. Ms. White had provided earlier affidavits in postconviction that had also attempted to impeach the evidence presented at trial. Ms. White, who was invested in Burke's case through the family and friends Facebook page, avers though double hearsay that she spoke with Burke's family members (Lisa Cope and Cassandra Boyles) and was told by them of their belief it was actually Preston Whitacre who committed the murder of which Burke was convicted. Lori White further avers that, on or about November 19, 2022-November 21, 2022, Preston Whitacre told her he was released from juvenile custody in Trumbull County before the murder of the victim in this case. He did not tell her he committed the murders.

First, "evidence" that was either known or could have been discovered by the exercise of

4

due diligence before trial does not qualify as new evidence.  *Dufresne v. Palmer*, 876 F.3d 248,

256 (6th Cir. 2017).    Moreover, as this Court previously noted, impeachment evidence is not

sufficient to establish a gateway claim of innocence.  See *Plaza v. Hudson*, No. 1:07-CV-674, 2008

WL 5273899, at *10  (N.D. Ohio Dec. 17, 2008).

    In any event, this purported impeachment affidavit contains nothing "new" nor any reliable

evidence that would demonstrate that no reasonable juror would have found Burke guilty.  Rather,

it is a reiteration of the "evidence" that was already presented to the Ohio courts and to this Court.

Indeed, in a 40-page opinion, the Magistrate Judge marched through each piece of "evidence"

Burke presented and and correctly concluded that:

> Here, there is no factual dispute over the affirmative evidence that would
> demonstrate Mr. Burke's actual innocence. Mr. Burke's alternative-suspect theory
> that Mr. Whitacre murdered Mr. Sample is contradicted by the record and the theory
> that Mr. Leamon killed Mr. Sample has no factual basis beyond Ms. Sell's
> suspicions. An evidentiary hearing into the veracity of Mr. Sell's alibi for Mr.
> Burke is unnecessary because a reasonable jury could believe Mr. Sell and still
> conclude Mr. Burke committed the murder. Because the evidence Mr. Burke
> advances could be fully credited and still be insufficient for Mr. Burke to receive
> equitable tolling, the habeas petition presents no issues of fact that must be
> adjudicated in an evidentiary hearing. As mentioned above, Mr. Burke's affidavits
> impeaching various witnesses and components of the State's case are not enough
> without affirmative evidence of his innocence. Thus, an evidentiary hearing into
> the impeachment evidence would not lead to Mr. Burke being entitled to habeas
> relief.

(R and R, Doc. 12, PageID 2067).

    Burke has essentially provided untimely hearsay affidavits by family and individuals that

are invested in his release to impeach the sealed juvenile records that were reviewed by the trial

court and that refuted Burke's contention that Preston Whitacre was not in custody at the time of

the murder in this case.  As the R and R correctly noted, Burke has failed to demonstrate evidence

of his actual innocence to overcome the tardiness of his petition. Contrary to his assertions, nothing

that Burke has presented via the postconviction affidavits provides substantial, credible new

5

evidence sufficient to overcome the overwhelming evidence of his guilt. As the appellate court held in direct review that Burke's conviction was not against the manifest weight of the evidence "the cell phone data was admissible, reliable, and certain…" and Austin's actions in attempting to delete inculpatory text messages from his phone, "lying to police about his whereabouts, and making admissions to his friends are all indicative of guilt. He told multiple witnesses where he left Brandon's body. After this information was given to the police, that is precisely where the body was found.  The witness testimony, although at times inconsistent, provided direct evidence of identity, motive, plan, intent, opportunity, and means." (Doc. 8-1, Exhibit 28, PageID 422). Burke had produced nothing, let alone clear and convincing evidence, to overcome any of this evidence, which includes his own repeated bragging to multiple witnesses of his criminal exploits. Therefore, he has not demonstrated "that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327.

Finally, *even if* Burke *could* demonstrate his actual innocence, that feat would only permit this Court to then review the merits of his habeas grounds.  As the Warden set forth at great length in his ROW, even were his petition timely filed, Burke cannot overcome Respondent's alternative defenses of procedural default and non-cognizability.  Nor can Burke overcome the AEDPA standard of review and demonstrate that the state court decisions on the merits of his grounds were either clearly contrary to, or an unreasonable application of Supreme Court precedent.  28 U.S.C. § 2254(d).  To that end, in the context of adjudicating any of Burke's habeas grounds on their merits, this Court is precluded from allowing any "new" evidence, including a hearing by clearly established United States Supreme Court precedent because "review under §2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011); *Shinn v. Ramirez*, 142 S. Ct. 1718, 1734 (2022).

That Burke continues to argue for his interpretation of the "facts" determined by the Ohio courts does not entitle him to an evidentiary hearing on the merits of his claims. It does not unequivocally demonstrate that the Ohio courts' determination of the facts in this case on the merits of his claims was unreasonable under 28 U.S.C. § 2254(d). Nor does it provide "clear and convincing evidence" sufficient to rebut the presumption of correctness mandated to the Ohio courts' interpretation of the facts in this case under 28 U.S.C. § 2254(e)(1). This Court "cannot use a federal evidentiary hearing to supplement the record when assessing a claim under § 2254(d)," *Stermer*, 959 F.3d at 721, and its ability to grant such a hearing is further constrained by the statutory requirements of 28 U.S.C. § 2254(e)(2). As the United States Supreme Court has held, the habeas Court has no power to redefine when a prisoner "has failed to develop the factual basis of a claim in State court proceedings." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1734 (2022).

Likewise, no additional evidence for a merit review is permitted in this case because "review under §2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Thus, clearly established Supreme Court precedent is that the state court judgment adjudicating the merits is required to be viewed in the context of both the record and the law as it existed at the time the court issued its decision. *Cullen v. Pinholster*, 563 U.S. 170, 181–82, 185 (2011); *Greene v. Fisher*, 565 U.S. 34, 38 (2011). The limitations in *Cullen,* and *Shinn*, are virtually jurisdictional and apply to prohibit expansion of the record and to preclude evidentiary hearings. *Moore v. Mitchell*, 708 F.3d 760, 780-84 (6th Cir. 2014).

In sum, no evidentiary hearing is warranted to demonstrate Burke's actual innocence to excuse his tardy filing. Moreover, no hearing is permitted should the Court overlook the tardiness, procedural default, and non-cognizability of Burke's claims, because he cannot overcome AEDPA deference of the claims reasonably rejected by the Ohio courts.

The Court should overrule Burke's Objection and adopt the through and well-reasoned R and R to dismiss the petition.

Respectfully submitted,

**DAVE YOST**
Ohio Attorney General

s/Stephanie L. Watson
STEPHANIE L. WATSON (0063411)
Principal Assistant Attorney General
Criminal Justice Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-6001
(614) 644-7233
Stephanie.Watson@OhioAGO.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2025, a copy of *Respondent's Response to Petitioner's Objection to R and R* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/Stephanie L. Watson
STEPHANIE L. WATSON
Principal Assistant Attorney General