IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO,
WESTERN DIVISION

Austin Taylor Burke,

    Petitioner,

v.

,
Cynthia Davis, Warden
(substituted for Respondent Warden, Ed Shelton)

    Respondent.

Case No. 4:22-cv-01271

Judge James G. Carr

**ORDER**

This is a state prisoner habeas corpus case under 28 U.S.C. § 2254. Petitioner, Austin Burke, filed his Petition on July 19, 2022, through his Counsel, Debra K. Hampton. (Doc.1).

Following referral under Local R. 72.2, Magistrate Judge Darrell A. Clay ordered Petitioner and Respondent to file contemporaneous briefs on a specific issue – timeliness of the Petition. (Doc. 5).

On September 28, 2022, Petitioner timely filed his Brief. (Doc. 7). Respondent did not. Instead, on October 6, 2022, Respondent filed the Return of Writ raising the argument the Petition is time barred. (Doc. 8). On November 21, 2022, Petitioner filed his Traverse. (Doc. 11).

On October 1, 2024, Magistrate Judge Clay filed his Report & Recommendation. (Doc. 12). He recommends that I dismiss the Petition because Petitioner's Counsel failed to file it within the one-year statute of limitations under 24 U.S.C. § 2244(d)(1). (*Id.*, pgID 2031, 2068).

Petitioner filed Objections to that Report. (Doc. 14). Respondent filed a Response. (Doc. 16). And Petitioner filed a Reply. (Doc. 17).

## Background

A Trumbull County, Ohio jury found Petitioner guilty on six Counts, including Aggravated Murder and Aggravated Robbery. (Doc. 8-1, pgID 219). Petitioner pursued a direct appeal of his conviction to the Eleventh District Court of Appeals, raising five Assignments of Error. (Doc. 8-1, pgID 274-83).

The appellate court rejected his contentions and affirmed his conviction. However, the court remanded the case to the trial court to incorporate consecutive sentences in the entries and to correct an error in the firearm specification. *State v. Burke*, Nos. 2018-T-0032, 2018-T-0035, 2019 WL 2172718 at *1-2 (Ohio Ct. App. May 20, 2019). (Doc. 8-1, pgID 381-429).

Petitioner sought further review. (Doc. 8-1, pgID 430). The Ohio Supreme Court declined to hear the case. *State v. Burke,* 157 Ohio St. 3d 1406, 131 N.E.3d 75 (2019). (Doc. 8-1, pgID 466).

Following his unsuccessful appeal, on May 16, 2019, Petitioner timely filed a Petition for Post-Conviction Relief. (Doc. 8-1, pgID 467-619). Concluding Petitioner did not present any genuine issues of material fact, the court granted summary judgment for the State and denied Petitioner's motion for a new trial. Case No. 2017-CR-0403 (Ohio CCP Feb. 27, 2020) (Doc. 8-1, pgID 779-86).

Petitioner appealed. (Doc. 8-1, pgID 787-805). Once again, the Eleventh District Court of Appeals overruled all assignments of error. *State v. Burke*, No. 2020-T-0013, 2020 WL 7023598 (Ohio Ct. App. Nov. 30, 2020). (Doc. 8-1, pgID 854-71).

Petitioner sought further review. (Doc. 8-1, pgID 872-74). But on April 16, 2021, the Ohio Supreme Court again declined to do so. *State v. Burke*, 162 Ohio St. 3d 1431, 166 N.E.3d 1245 (2021). (Doc. 8-1, pgID 927).

On July 19, 2022, Petitioner filed his Petition for a Writ of Habeas Corpus with this Court. (Doc. 1). He raises seven grounds to challenge his conviction.

## Discussion

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214 (Apr. 24, 1996), sets a one-year limitations period within which a petitioner must file for a writ of habeas corpus. 18 U.S.C. § 2244(d)(1). Though not jurisdictional, when raised as an affirmative defense or *sua sponte*, a court should dismiss an untimely petition. *Day v. McDonough*, 547 U.S. 198, 205 (2006); *Scott v. Collins*, 286 F.3d 923, 927-28 (6th Cir. 2002); and *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009).

Petitioner argues the one-year limitations period under the AEDPA expired on July 16, 2022. (Doc. 14, pgID 2073). In support, Petitioner asserts the limitations period does not begin to run until after the ninety-day period to file a Petition for Writ of *Certiorari* in the United States Supreme Court expires. (Doc. 7, pgID 52, citing *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) and *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003)).

The Ohio Supreme Court rejected Petitioner's appeal on April 16, 2021.(Doc. 8-1, pgID 927). So, says Petitioner, because he pursued collateral review while his direct appeal was pending, the limitations period was tolled for an additional ninety days. Under this premise, he argues the AEDPA did not begin to run until July 16, 2021, making the filing deadline July 16, 2022. (Doc. 7, pgID 52).

Respondent and Magistrate Judge Clay disagree with this analysis. Magistrate Judge Clay, carefully considering timeliness under all possible tolling provisions under 28 U.S.C. §§

2244(d)(1) and (d)(2), found the Petition was due on April 18, 2022.[1] (Doc. 12, pgID 2043-49). Respondent agrees with this determination.(Doc. 12, pgID 2045, Doc. 8, pgID 69).[2]

Counsel filed the Writ Petition on July 19, 2022. Under either analysis, all agree. The Petition was untimely – three days after expiration of Petitioner's purported statutory limitations period and ninety-two days after the limitations period asserted by Respondent and adopted by Magistrate Judge Clay. Regardless I find this disagreement as to the date of expiration does not matter *vis-à-vis* Petitioner's lack of diligence, *infra*.

Assuming, *arguendo,* Petitioner's asserted limitations expiration is correct, the critical issue before me is whether equitable tolling renders the filing timely.

Equitable tolling applies if a habeas petitioner can show: (1) diligent pursuit of rights; and (2) an extraordinary circumstance prevented timely filing. *Holland v. Florida,* 560 U.S. 631, 645-49 (2010). Petitioner's Counsel, Ms. Hampton, argues the filing deadline should be tolled for three extra days because her Application for Admission to practice before this Court was still

---

[1] As Magistrate Judge Clay noted, the AEDPA's statute of limitations period runs from the latest of four dates:

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (2) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). (Doc. 12, pgID 2044).

[2] Without resolving that dispute, I will assume, for purposes of my review, Petitioner's date is correct.

pending, and the actual-innocence exception applies to permit review. (Doc. 14, pgID 2073, citing Doc. 7).

Ms. Hampton does not indicate the date on which she had filed her Application.[3] However, taking judicial notice of the Court's own records, she filed and paid the filing fee on July 11, 2022. The Clerk's Office granted her Application that same day. Therefore, she was admitted to practice in this Court five days before Petitioner's asserted limitations date.

In determining whether equitable tolling is appropriate, courts in the Sixth Circuit examine factors such as: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Hairston v. Jackson,* No. 1:-09-CV-247, 2010 WL 3909904 at *4 (S.D. Ohio May 27, 2010) (citing *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009)).

A key requirement of equitable tolling is proof of diligent efforts. *Sherwood, supra, Holland, supra*. Diligence can be shown by prompt action on the part of the petitioner as soon as he or she is in a position to realize an interest in challenging the conviction. *Johnson v. United States*, 544 U.S. 295, 308 (2005). Neither *pro se* status, nor ignorance of the law justifies

---

[3] Ms. Hampton simply states: "Petitioner argues that an extraordinary circumstance prevented timely filing because counsel had an Application for admission to this Court pending before the final date." (Doc. 7, pgID 52; Doc. 14, pgID 2073, Doc. 17, pgID 2013). According to the Clerk's Office, Ms. Hampton submitted an incomplete Application prior to the completed one, which was submitted and approved on July 11, 2022. Her first log on to ECF was July 6, 2022. The docket indicates she did not seek *pro hac vice* admission in this case, which would have allowed the filing of the Petition contemporaneously with the *pro hac vice* application. She was admitted under reciprocity. Therefore, I can only go by ECF/Clerk's Office that she was admitted before Petitioner's asserted limitations period expired and failed to timely file the Petition.

equitable tolling to file a federal habeas petition. *Johnson* at 311; *United States v. Locke*, 471 U.S. 84, 101 (1985); *United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999).

Analyzing this case, several questions remain unanswered. Namely, when did Ms. Hampton agree to represent the Petitioner? What was Petitioner doing before then to protect his interests? And what did Counsel do thereafter to make sure the deadline did not pass?

Simply put, the answers to such questions are a *sine qua non* before I can even consider granting the grace of equitable tolling. I find neither Petitioner himself, nor his attorney, account for the inaction first on his, and then on her, part during the one-year grace period prior to expiration of the statute of limitations. I therefore find no diligence on the part of Petitioner or his attorney to timely pursue habeas review by this Court.

Moreover, Petitioner must additionally demonstrate an extraordinary circumstance prevented timely filing. Petitioner contends that his post-expiration delay occurred because his attorney's application for licensing in this District was still pending. (Doc. 14, pgID 2073). While that certainly does not appear to be the case, the determinative issue before me is whether waiting on admission to a court is extraordinary enough to justify a three-day filing delay.

On the one hand, courts have held attorney misconduct may constitute "extraordinary circumstances," justifying equitable tolling of the one-year period. See, *Polinski v. United States,* 826 F.2d 321 (6th Cir. 2016); *Baldayaque v. United States,* 338 F.3d 145 (2d Cir. 2003); and *United States v. Martin*, 408 F.3d 1089 (8th Cir. 2005).[4]

---

[4] But *c.f. Abney v. Crews,* No. 5:08CV307, 2014 WL 4792034 *4 (N.D. Fla. Dec. 29, 2014) (district court, adopting the magistrate judge's recommendation of dismissal of a habeas position, rejected petitioner's Rule 60(b) to reopen the case, finding petitioner's claim that his attorney abandoned him was not an "exceptional circumstance").

6

Conversely, attorney mistake or negligence, such as miscalculation of deadlines, does not constitute "extraordinary circumstances" justifying tolling. *Lawrence v. Florida,* 549 U.S. 327, 336-37 (2007); *Jurado v. Burt,* 337 F.3d 638, 644-45 (6th Cir. 2003); *United States v. Stone,* 68 Fed. Appx. 563 (6th Cir. 2003); and *Whalen v. Randle,* 37 Fed. Appx. 113, 120 (6th Cir. 2002). See also, *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008); *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir. 2001), *Harris v. Hutchinson* 209 F.3d 325, 330-31 (4th Cir. 2000); and *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir. 1999).

I have been unable to find a case directly on point. However, the Seventh Circuit Court of Appeals held incapacity of the petitioner's attorney is equivalent to negligence for equitable tolling purposes. *Modrowski v. Mote,* 322 F.3d 965 (7th Cir. 2003). The court held, "petitioners …must vigilantly oversee the actions of their attorneys and, if necessary, take matters into their own hands…, and there is no reason, however unfortunate the result, not to hold the prisoner responsible…." *Id.* at 968.

Applying this analysis, even if it were true that Counsel's application for admission to the Northern District of Ohio was pending as of July 16, 2022, waiting for a Court to grant admission to practice is more akin to negligence or mistake than attorney misconduct. And under the analysis outlined above, if delay due to an attorney's physical or mental incapacity does not justify equitably tolling, certainly delay for bar admission does not.

I therefore conclude, accordingly, that Petitioner has failed to show entitlement to equitable tolling – an essential prerequisite for proceeding to adjudication on the merits.

## Conclusion

Where a record, such as the one before me, fails to tell a Court what diligent efforts a petitioner, or his attorney, or both were doing to ensure timely filing, and to show what

impediments frustrated those efforts, equitable tolling is not available. The Petition in this case, no matter which date it was due, was untimely.

Even assuming the limitations period was tolled until July 16, 2022, the Court's records show Petitioner's Counsel was admitted to practice law in this District as of July 11, 2022. Because there is nothing further in the record to demonstrate extraordinary circumstances prevented filing, I find no excusable reason the Petition was not filed until July 19th. I therefore cannot and will not apply principles of equitable tolling to extend this deadline.

I have otherwise reviewed the other aspects of Magistrate Judge Clay's Report & Recommendation and find nothing whatsoever objectionable in his careful analysis and justifiable conclusions.

It is, accordingly, hereby ORDERED THAT:

1. The Magistrate Judge's Report & Recommendation (Doc. 12), be and the same hereby is, **adopted** as the Order of this Court; and

2. The Petition for a Writ of Habeas Corpus (Doc. 1) be, and the same hereby is **denied**.

I decline to issue a Certificate of Appealability as jurists of reason could not reasonably contest the result and rationale reached herein.

So ordered.

2/19/2025

/s/ James G. Carr
Senior U.S. District Judge